IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES DEE** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| vs. | * | Civil No. 8:09-cv-00491-CBD |
| | * | |
| **MARYLAND-NATIONAL CAPITAL** | * | |
| **PARK & PLANNING COMMISSION, et al.** | * | |
| | * | |
| **Defendants** | * | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

The Defendants, the Maryland-National Capital Park and Planning Commission and the Prince George's County Planning Department, by and through undersigned counsel, pursuant to FRCP 56 and Local Rule 105, file this Memorandum in Support of Motion for Summary Judgment, and state as follows:

**FACTUAL BACKGROUND**

On June 15, 2004, Mr. Dee telephoned staff at the Commission's Allentown Fitness & Splash Park approximately 30 minutes prior to his arrival in a Metro Access cab, and requested an accommodation. <u>See</u> **Exhibit 1**, Deposition Transcript of Charles Dee, p. 42, line 5 to 10. Mr. Dee provided only 30 minutes notice to staff at Allentown despite the fact that he had planned his trip a day in advance and secured the Metro Access cab with a day's notice. <u>See</u> **Exhibit 1** p. 37, line 11 to p. 38, line 21. Mr. Dee spoke with Rhonda Richardson, manager of Allentown, during the telephone call preceding his arrival. <u>See</u> **Exhibit 1**, p. 42, line 18 to p. 43, line 14. Mr. Dee testified that Ms. Richardson stated "we can't change you" during their

telephone call.  See **Exhibit 1**, p. 42, line 18 to p. 43, line 10.  Mr. Dee characterized his conversations with Ms. Richardson, both on the telephone and when he arrived at Allentown, as "abrupt, curt, very rude, and somewhat belligerent."  See **Exhibit 1**, p. 44, lines 5 to 16, and p. 53, lines 3 to 10.

As of May 2004, Mr. Dee was totally blind without ability to perceive changes in the spectrum from light to dark.  See **Exhibit 1**, p. 19, line 18 to p. 20, line 10; and p. 23, lines 7 to 20.  Prior to his trip to Allentown, Mr. Dee undertook no independent trips or activities; he was always accompanied by a companion.  See **Exhibit 1**, p. 33, line 21 to p. 34, line 21.  His June 15, 2004 trip to Allentown was Mr. Dee's first independent foray into the world.  See **Exhibit 1**, p. 33, line 21 to p. 34, line 21.

After unsuccessfully pursing a discrimination claim before the Maryland Commission on Human Relations (See **Exhibit 1**, p. 79, line 9 to p. 80, line 3; and **Exhibit 2**, Written Findings of the Maryland Commission on Human Relations), Mr. Dee filed suit in the Circuit Court for Prince George's County asserting a claim that he was denied a reasonable accommodation in violation of the Americans with Disabilities Act.  See Complaint, Docket #2.  The Commission removed this action to the United States District Court for the District of Maryland.  See Notice of Removal, Docket #1.

**SUMMARY JUDGMENT STANDARD**

The party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that the party is entitled to summary judgment as a matter of law.  See *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984).  Where the plaintiff bears the ultimate burden of persuasion at trial, the moving party may establish entitlement to summary judgment by demonstrating the absence of evidence to support the nonmoving party's

claim.  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

**AMERICANS WITH DISABILITIES ACT**

Title II of the ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  A "public entity" includes any "State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1)(A)&(B).

The ADA requires that covered entities make "reasonable modifications to rules, policies, or practices" or provide "auxiliary aids or services."  42 U.S.C. § 12131(2); and see *Constantine v. Rectors and Visitors of George Mason University*, 411 F.3d 474, 488-89 (4th Cir. 2005) (Title II is limited in scope to "reasonable" modifications).  The courts have construed Title II of the ADA to permit claims on the ground of failure to make reasonable accommodations.  See *A Helping Hand, LLC v. Baltimore County, Maryland*, 515 F.3d 356, 362 (4th Cir. 2008).  Courts first look to determine whether the requested accommodation was reasonable and necessary, and the burden of proof is on the plaintiff.  See *McDavid v. Arthur*, 437 F.Supp.2d 425, 428 (D.Md. 2006).

**ARGUMENT**

**I.    The Prince George's County Planning Department is an internal department of the Maryland-National Capital Park and Planning Commission and is not independently liable separate from the Commission.**

Formed in 1927, the Maryland-National Capital Park and Planning Commission operates as an independent agency of the State of Maryland.  The Commission's enabling statute is

currently found at MD. ANN. CODE, ART. 28.  As admitted in the Answer – Docket #8, footnote 1 – the Prince George's County Planning Department is an internal department of the Commission and not a separate entity subject to suit.  See MD. ANN. CODE, ART. 28, §§ 1-101 and 1-102.  The Commission is the appropriate party in interest for any potential liability, and the Planning Department should be dismissed as a party in interest or corrected as a misnomer to reflect the Commission as the real party in interest.  See FRCP 17.

**II.     The timeliness of Mr. Dee's request for an accommodation was unreasonable as a matter of law.**

Summary judgment in favor of the Commission on Mr. Dee's claim for failure to provide a reasonable accommodation is appropriate for the following reasons.

**A.     As a matter of law, summary judgment should be granted in favor of the Commission as 30 minutes notice does not constitute a reasonable request for an accommodation.**

Mr. Dee admitted at his deposition that he contacted Allentown while in route as a passenger in a Metro Access cab, providing a mere 30 minutes of notice to staff of his request for an accommodation.  Title II of the ADA requires public entities to make "reasonable" accommodations or modifications.  As the Fourth Circuit noted in *Waller v. City of Danville, Virginia*, 556 F.3d 171, 175 (4th Cir. 2009), an ADA Title II claim in the circumstances of an arrest by the police, "[r]easonableness in law is generally assessed in light of the totality of circumstances."  The timeliness of Mr. Dee's request for accommodation clearly falls within the scope of an analysis viewing reasonableness under the totality of circumstances.

Reviewing the facts, it is evident that Mr. Dee believed it to be reasonable to notify Metro Access a day in advance of his planned trip to Allentown.  He, however, did not extend the same quantum of reasonable notice to Allentown.  Viewed in light of the totality of circumstances, it is incongruent and unreasonable for Mr. Dee to provide a day's notice to secure a cab, an everyday

service, and yet only provide 30 minutes notice to Allentown when he required more extensive accommodations from staff.

This Court should also be guided by the conclusions drawn by the Maryland Commission on Human Relations, which after interviewing Mr. Dee and Ms. Richardson concluded that the 15-20 minutes notice provided by Mr. Dee was unreasonable.[1]  See *Cox v. Babcock and Wilcox Company*, 471 F.2d 13, 15 (4th Cir. 1972) (It is within the discretion of the trial court whether to admit into evidence EEOC records), cited with approval, *Mason v. Richmond Motor Co., Inc.*, 825 F.2d 407 (Table), 1987 WL 37768 (4th Cir. 1987).

>    **B.    The facts demonstrate that the nature of Mr. Dee's request for an accommodation was not clearly understood by staff at Allentown and does not support a prima facie case.**

To establish a prima facie case for a violation of the ADA, the moving party must first establish that he communicated a request for an accommodation of his disability.  *Ballard v. Rubin*, 284 F.3d 957, 960-62 (8th Cir. 2002), cited with approval, *Parkinson v. Anne Arundel Medical Center*, 79 Fed.Appx. 602, 2003 WL 22462655 (4th Cir. 2003).

Mr. Dee's testimony that Ms. Richardson stated "we can't change you" during their telephone conversation demonstrates the confusion regarding the nature of the accommodation request.[2]  Unclear communication of a request for accommodation necessarily impacts the mandated process pursuant to which a public entity is required to analyze the requested accommodation.  The public entity is required to engage in a "fact-specific investigation to determine what constitutes a reasonable accommodation." *Duvall v. County of Kitsap*, 260 F.3d

---

[1]     The Maryland Commission on Human Relations found that Mr. Dee provided 15 to 20 minutes prior notice, whereas Mr. Dee testified at his deposition that he provided approximately 30 minutes prior notice.

[2]     See 28 C.F.R. § 35.135, "This part does not require a public entity to provide…services of a personal nature including assistance in eating, toileting, or dressing."

1124, 1139 (9th Cir. 2001). The public entity "must consider the particular individual's need when conducting its investigation into what accommodations are reasonable." *Id*. The Ninth Circuit concluded:

> Because in some instances events may be attributable to bureaucratic slippage that constitutes negligence rather than deliberate action or inaction, we have stated that deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course.

*Id*. Given Mr. Dee's spur-of-the-moment accommodation request, Ms. Richardson was unable to accurately understand that nature of the request made. This resulted in a misunderstanding between Mr. Dee and Ms. Richardson. Mr. Dee's Complaint stems from this misunderstanding with Ms. Richardson, all of which could have been avoided by reasonable notice of a request for an accommodation.

### C. The failure to provide timely notice breaks the causal link necessary to establish intentional discrimination to support an award of compensatory damages.

To recover compensatory damages, Mr. Dee must establish that the Commission intentionally discriminated against him. See *Duvall*, 260 F.3d at 1138. Moreover, a plaintiff must establish through competent evidence that the violation of the ADA caused actual injury. See *Levy v. C.D. (Dan) Mote, Jr.*, 104 F.Supp.2d 538, 544 (D.Md. 2000).

In light of the lack of any reasonable advance notice of his request for an accommodation, and the clear misunderstanding to as to the nature of the accommodation sought, Mr. Dee is unable to establish intentional discrimination. The accommodation process simply was not permitted to run its course as envisioned under the ADA and relevant case law. The cause of any injury was the lack of reasonable advanced notice of the accommodation request. To permit compensatory damages in this circumstance would allow any party to make a

6

last minute, spur-of-the-moment accommodation request, and then recover compensatory damages when the request was unable to be satisfied. The ADA is not a strict liability statutory scheme; it requires give-and-take between both parties.

## CONCLUSION

For the above-stated reasons, the Maryland-National Capital Park and Planning Commission and the Prince George's County Planning Department, respectfully request that this Court grant their Motion for Summary Judgment, and enter judgment in their favor.

Respectfully submitted,

**Adrian Robert Gardner, General Counsel**
**The Maryland-National Capital Park and**
   **Planning Commission**

Date: October 23, 2009   By: _____/s/_____
Jared M. McCarthy, #26989
Associate General Counsel
6611 Kenilworth Avenue, Suite 200
Riverdale, MD  20737
Telephone:    301-454-1670
Facsimile:    301-454-1674
jared.mccarthy@mncppc.org

## CERTIFICATE OF SERVICE

I hereby certify that this 23rd day of October, 2009, the undersigned served a copy of the foregoing by CM/ECF to:

Erwin R.E. Jansen, Esq.
The Law Offices of Erwin R.E. Jansen, LLC
4550 Forbes Boulevard, Suite 110
Lanham, Maryland  20706
*Attorney for Plaintiff*

By: _____/s/_____
Jared M. McCarthy, #26989

7